UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: No. 15 Civ. 6369 (JFK)
In re Investment Technology Group, Inc. :
Securities Litigation : Consolidated
:
: **CLASS ACTION**
:

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-21-19
```

------------------------------------------------------------ x

### [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF PLAINTIFF'S EXPENSES

THIS MATTER came before the Court on February 21, 2019, for a hearing on Lead Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement of Lead Plaintiff's Expenses (the "Motion"). The Court, having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over PR Newswire; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members and the Claims Administrator.

2. All capitalized terms used in this order have the meanings as set forth and defined in the Amended Stipulation and Agreement of Settlement dated as of October 26, 2018 (the "Amended Stipulation").

3. Class Members were notified that Lead Counsel would be applying for an award of attorneys' fees and litigation expenses and, further, that such application also might include a request for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses, including lost wages, in an amount not to exceed $2,000. The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel's motion for attorneys' fees is granted, and Lead Counsel is hereby awarded: (a) attorneys' fees in the amount of $4,500,000, plus interest at the same rate earned by the Settlement Fund (or 25% of the Settlement Fund, which includes interest earned thereon); and (b) payment of litigation expenses in the amount of $235,931.70, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

5. In accordance with 15 U.S.C. § 78u-4(a)(4), the Court hereby awards Lead Plaintiff reimbursement of its reasonable lost wages and expenses directly related to its representation of the Class in the amount of $1,960.

6. The award of attorneys' fees and expenses, as well as the reimbursement of Lead Plaintiff's costs and expenses, shall be paid to Lead Counsel from the Settlement Fund in

accordance with paragraph 21 of the Amended Stipulation, the terms of which are incorporated herein.

7. In making the awards of attorneys' fees, litigation expenses, and reimbursement of Lead Plaintiff's costs and expenses (including lost wages) to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement constitutes an excellent result for the Class as it created a common fund of $18 million in cash from which numerous Class Members who submit acceptable Proofs of Claim will benefit;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiff, a sophisticated institutional investor that has been directly involved in the prosecution and resolution of the Action and that has substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c) Notice was disseminated to putative Class Members stating that counsel would be submitting an application for attorneys' fees in an amount not to exceed 25% of the Settlement Amount, plus interest, and payment of litigation expenses incurred in connection with the prosecution of this Action in an amount not to exceed $275,000, plus interest, and that such application also might include a request that Lead Plaintiff be reimbursed its reasonable costs and expenses (including lost wages) directly related to its representation of the Settlement Class in an amount not to exceed $2,000. Any objections to the requested fees and expenses that have been submitted to the Court have been carefully considered and are hereby rejected in full;

(d) Lead Counsel has expended substantial time and effort pursuing the Action on behalf of the Class;

3

(e) The Action involves complex factual and legal issues and it is well-recognized that cases brought under the federal securities laws are notably difficult and notoriously uncertain;

(f) Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award has been contingent on the result achieved;

(g) As set forth in the Motion, Lead Counsel devoted 3,107.45 hours to the prosecution of the Action and have conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(h) The requested fee results in a lodestar multiplier of 2.07. Such a multiplier falls within the parameters set in this District and elsewhere;

(i) Public policy strongly favors rewarding firms for bringing successful securities class action litigation;

(j) Lead Plaintiff actively and effectively fulfilled its obligations as representative of the Class; and

(k) The amounts to be paid from the Settlement Fund for attorneys' fees, litigation expenses, and reimbursement of Lead Plaintiff's costs and expenses (including lost wages) are fair and reasonable and consistent with awards in similar cases.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

4

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

Dated: February 21, 2019

*John F. Keenan*
THE HONORABLE JOHN F. KEENAN
UNITED STATES DISTRICT JUDGE

5